UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JONATHAN ANDREW BLACKSMITH, Defendant. | 5:17-CR-50101-KES **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant, Jonathan Andrew Blacksmith, files a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 164. Plaintiff, the United States of America, opposes the motion. Docket 170.

## DISCUSSION

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (second alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Eighth Circuit has explained that § 3582(c)(1)(A)'s

1

exhaustion requirement is non-jurisdictional but serves as a "mandatory claim-processing rule" that must be enforced if raised by the opposing party. *Id.* at 1084; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release" but, rather, is "a claim processing rule that may be waived or forfeited by the government").

The United States contends that there is no documentation in the current record, outside Blacksmith's current motion, that he made a request for compassionate release to the Warden of Hazelton Federal Correctional Institution where he is currently held. Docket 170 at 1-2, 4. It thus asserts that Blacksmith has failed to exhaust his administrative remedies. *Id.*

Blacksmith filed his motion using a form from the court. Docket 164. On that form, Blacksmith checked the box indicating that "Yes, I submitted a request for compassionate release to the warden on (date) _____." *Id.* at 3. But he did not write a date in the blank. *Id.* The next question states: "If you answered 'No,' please explain why not." *Id.* He replied, "They [n]ever [r]esponded[.]" *Id.* The form next asks if the warden denied his request, and Blacksmith replied: "Never [r]esponded[.]" *Id.* This is all the information Blacksmith provides the court regarding the exhaustion of his administrative remedies. He also provides no information to the court for his failure to exhaust these remedies.

Because Blacksmith has failed to exhaust all administrative remedies, and the United States raised this issue, the court must dismiss Blacksmith's motion for compassionate release and will do so without prejudice. *See Houck*, 2 F.4th at 1084 ("[C]ourts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue).

## CONCLUSION

Blacksmith failed to exhaust his administrative remedies. Thus, it is ORDERED that the defendant's motion for relief under the First Step Act (Docket 164) is denied without prejudice.

Dated May 12, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE