UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN ANDREW BLACKSMITH,<br><br>Defendant. | 5:17-CR-50101-KES<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Defendant, Jonathan Andrew Blacksmith, moves the court to reconsider its prior order reducing his sentence under 18 U.S.C. § 3582(c)(2). *See* Docket 175. He asserts that the Supreme Court's decision in *Barrett v. United States*, 607 U.S. 128 (2026), requires the court to vacate his conviction under 18 U.S.C. § 924(c)(1)(A)(i). *Id.* For the following reasons, Blacksmith's motion is denied.

Section 3582(c)(2) authorizes a court to reduce a previously imposed term of imprisonment based on a retroactive amendment to the Sentencing Guidelines. It does not authorize the court to vacate a conviction based on an intervening judicial decision. Blacksmith does not seek a further reduction under a retroactive Sentencing Guidelines amendment; instead, he seeks to set aside his § 924(c)(1)(A)(i) conviction. That relief falls outside the scope of 18 U.S.C. § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 825-31 (2010).

Nor does *Barrett* support Blacksmith's request to vacate his conviction under 18 U.S.C. § 924(c)(1)(A)(i). In *Barrett,* the Supreme Court held that

Congress did not authorize cumulative convictions under §§ 924(c)(1)(A)(i) and 924(j) for a single act because § 924(j) is a greater offense that necessarily includes a violation of § 924(c)(1)(A)(i). *Barrett*, 607 U.S. at 149. The Court expressly limited its holding to those two statutory provisions. Blacksmith, by contrast, was convicted under §§ 922(g)(1) and 924(c)(1)(A)(i), not § 924(j). *See* Docket 143. Thus, *Barrett* has no application here.

To the extent Blacksmith seeks to challenge the validity of his conviction based on an intervening Supreme Court decision, § 3582(c)(2) is not the proper vehicle. Rather, challenges to the validity of a federal conviction ordinarily must be brought under 28 U.S.C. § 2255. Thus, Blacksmith's request for this court to reconsider its prior order reducing his sentence under 18 U.S.C. § 3582(c)(2) is denied.

Based on the considerations outlined above, Blacksmith's motion for relief is denied. Thus, it is

ORDERED that Blacksmith's motion (Docket 175) is denied.

Dated July 30, 2026.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

2